Held,
(Judge Perkins
delivering the opinion of the Court); 1st, That without indicating any opinion as to what might be the effect if the writ of attachment was held void, the writ, in this case, was not void because of its being made returnable “within twenty days;” that the writ was complete without those words, the law requiring it to be returned on the first day of the term next ensuing its date, and those words were not repugnant to the legal effect of the writ, as the first day of the next term fell within twenty days from its date.
2d. That the phraseology of the notice, requiring Miller to appear at the March term, 1840, did not render the proceedings void, It was published, as required by statute, immediately after the writ was returned executed, and was continued the legal time. The material fact to be stated in the notice was the pendency of the attach-incut, and the circumstance that the defendant was notified to appear sooner than it was necessary he should, did not invalidate the pro-feedings.
3d. That as the writ and notice in the attachment suit were not r oid, though informal, it followed, that the Court had j urisdiction both of the subject matter and the person, and that any other irregulari-tie s, if any such there were, did not render the attachment proceed-mgs void; and not being void, they were not impeachable collaterally.
-llh. That each of the claims filed under proceedings in attachment, stand as independent attachment suits, and such being the case, it would seem to make no difference that the claims filed sub-frequently to the attaching creditor’s, were not due when the writ was issued, nor that the claim upon which the writ issued had been paid, if the attachment was actually pending as to any claim, at the time the subsequent one was filed.
5th. That the lien of such subsequent claim, upon the attached property, commences as early, at least, as the date when such claim was filed. Whether it would relate back to the time when the writ of attachment was levied, it was not necessary in this case to decide, the claim of the Bank having been filed before the date of the eon-vryance to the appellee.
Judgment reversed, &e.